██ In the Matter of C. Thomas Gilbert et al., Petitioners, v Ralph Endres et al., Constituting the Planning Board of Town of South Bristol, Respondents. [824 NYS2d 696]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Ontario County [Frederick G. Reed, A.J.], entered May 20, 2005) to annul a determination of respondents. The determination granted a special use permit.

It is hereby ordered that said proceeding be and the same hereby is unanimously dismissed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination granting their neighbor a special use permit to hold an annual fall harvest festival on her property. The matter previously was transferred to this Court pursuant to CPLR 7804 (g), and we vacated the transfer order and remitted the matter to Supreme Court for further proceedings (*Matter of Gilbert v Endres*, 13 AD3d 1104, 1105 [2004]). It appears on the record before us that the determination to grant the special use permit "was not 'made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law' " (*Matter of Butler v Town of Throop*, 303 AD2d 976, 976 [2003]), and thus the court erred in transferring the matter to this Court pursuant to CPLR 7804 (g) based on a substantial evidence issue (*see Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96 [1998]). In any event, the special use permit has since expired by its own terms, rendering the proceeding moot, and we conclude that

this case does not fall within any exception to the mootness doctrine (*see Matter of Lee*, 27 AD3d 1136, 1136-1137 [2006]). Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.